**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re,<br><br>Anthony J Cilwa,<br><br><br>Debtor(s).<br><br>John K Fort,<br><br><br><br>Plaintiff(s),<br><br>v.<br><br>Anthony J Cilwa<br>Christopher Cilwa,<br><br><br>Defendant(s). | C/A No. 15-00263-HB<br><br>Adv. Pro. No. 15-80172-HB<br><br>Chapter 7<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANT ANTHONY J. CILWA** |

**THIS MATTER** came before the Court for hearing on March 29, 2016, on the Motion for Summary Judgment and Memorandum in Support (collectively, the "Motion") filed by Plaintiff John K. Fort, Chapter 7 Trustee ("Trustee").[1] Defendant Anthony J. Cilwa ("Debtor") filed a response.[2] Debtor was present at the hearing along with Trustee and Trustee's counsel, Joshua Hudson.

Pursuant to Fed. R. Civ. P. 56, made applicable to this proceeding by Fed. R. Bankr. P. 7056, and for the reasons set forth herein, the Court finds that the Motion should be granted as to Defendant Anthony J. Cilwa.

---

[1] ECF Nos. 30 & 31.
[2] *Motion to Dismiss Motion for Summary Judgment and Adversary Complaint filed by Plaintiff*, ECF No. 51, filed Feb. 29, 2016.

### FACTS AND PROCEDURAL HISTORY

On January 18, 2015, Debtor filed a voluntary petition for Chapter 7 relief and Trustee was appointed. Creditor Bruce P. Kriegman[3] ("Kriegman") is the only creditor to file a claim in Debtor's bankruptcy case. In May 2015, Kriegman filed an unsecured claim in the amount of $376,781.02, arising from a lawsuit concerning Debtor's alleged involvement in a Ponzi Scheme. That lawsuit was pending in the District Court for the Eastern District of Washington at the time Debtor filed for bankruptcy relief. The Court entered an order on December 1, 2015, overruling Debtor's objection to Kriegman's claim and allowing the claim as filed.[4]

Trustee initiated this adversary proceeding for the benefit of creditors on September 14, 2015. He alleges that after the bankruptcy filing and without Court authorization, Debtor sold property of the estate located in South Carolina and used proceeds therefrom to purchase another property in Florida, which Debtor later transferred co-defendant Christopher Cilwa ("Co-Defendant"), his adult son. Trustee alleges he is entitled to turnover of the net proceeds of the initial sale of estate property, the transfer of the purchased property is avoidable pursuant to 11 U.S.C. § 549,[5] and he seeks avoidance of the transfer and turnover of property pursuant to §§ 549 and 542(a).

The property purchased post-petition and transferred to Co-Defendant is located at 4920 Long Meadow Drive, Leesburg, Florida 24784 (the "Florida Property"). The Court previously granted Trustee's demand for a Temporary Restraining Order, restraining Defendants:

---

[3] Kriegman is a claimant solely in his capacity as the Liquidating Trustee under the Liquidating Trust established pursuant to Article IV of the Chapter 11 Trustee's and Official Committee of Unsecured Creditors' Second Modified Plan of Liquidation Chapter 11 Bankruptcy of LLS America, LLC.
[4] ECF No. 175 (C/A No. 15-00263-hb).
[5] Further reference to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, shall be by section number only.

from conveying, transferring, disposing of, selling, spending, withdrawing, liquidating or taking any actions that would in any way deplete, diminish, or reduce the assets of the bankruptcy estate, including but not limited to real estate and improvements known and designated as [the Florida Property], as well as the net proceeds from the sale of real estate and improvements known and designated as 1229 Sunset Lane, Anderson County, South Carolina 29624 (the "Sunset Property") . . .[6]

Thereafter, on October 30, 2015, Debtor, through counsel, filed an answer to Trustee's complaint admitting to the sale of the Sunset Property in March 2015 and the use of a portion of the proceeds therefrom to purchase the Florida Property on April 17, 2015, and the subsequent transfer of the Florida Property to Co-Defendant in exchange for $10 consideration on June 12, 2015.[7] Debtor's Answer also admitted that this adversary proceeding arises in Debtor's bankruptcy case, the Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1134 and 11 U.S.C. § 549, and this matter is a core proceeding under 28 U.S.C. § 157.

After both Defendants answered, the Court issued an order on November 2, 2015, requiring the parties to review the cases of *Stern v. Marshall*, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011), *Exec. Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2166, 189 L. Ed. 2d 83 (2014), and *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 191 L. Ed. 2d 911 (2015), and report whether those decisions present any challenges to entry of a final order or judgment by the bankruptcy court.[8] On November 23, 2015, the Court received Debtor's reply, through counsel, which stated that he was not aware of any challenges that may be presented by the aforementioned Supreme Court cases.[9] A status conference was held on December 8, 2015, which Debtor's counsel attended. On December 10, 2015, the Court entered an order finding

---

[6] ECF No. 9, entered Oct. 1, 2015.
[7] ECF No. 15.
[8] ECF No. 16.
[9] ECF No. 22.

3

that all parties consented to entry of a final order or judgment in this proceeding[10] and due notice was given to the parties.

Trustee filed this Motion on January 15, 2016, and a brief in support was filed on February 1, 2016. Trustee presented Exhibits A – M in support of the Motion, which establish the undisputed facts as follows:

1. On May 16, 2005, the Sunset Realty Trust was established by Debtor and his wife as grantors, with Debtor listed as the trustee. The beneficiaries were Debtor and his wife's adult children, Co-Defendant and Allison Enwright. The trust was recorded with the Anderson County Register of Deeds on May 26, 2005.

2. On May 24, 2005, the Sunset Realty Trust purchased the Sunset Property for $430,000.00.

3. On February 2, 2012, an amendment to the beneficiaries of the Sunset Realty Trust was filed with the Anderson County Register of Deeds, which changed the beneficiaries to Debtor and his wife. Thereafter, on March 22, 2012, another amendment to the beneficiaries of the Sunset Realty Trust was filed with the Anderson County Register of Deeds, which changed the beneficiaries back to Co-Defendant and Allison Enwright. On May 16, 2012, another amendment to the beneficiaries of the Sunset Realty Trust was filed with the Anderson County Register of Deeds, which stated that the beneficiaries were indicated on a separate list maintained by the trustee of the Sunset Realty Trust. At the time of this amendment, Debtor signed as the trustee of the Sunset Realty Trust.

---

[10] ECF No. 27.

4. On March 21, 2013, Debtor, as trustee of the Sunset Realty Trust, conveyed the Sunset Property to Co-Defendant, and provided a life estate interest for Debtor and his wife. Thereafter, on August 26, 2013, an amendment to the Sunset Realty Trust was filed amending it to an irrevocable trust.

5. On June 24, 2015, Debtor was examined by Trustee's counsel pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "2004 Exam"). At the 2004 Exam, Debtor admitted that the Sunset Property was sold post-petition in March 2015.

6. Debtor also admitted that he used part of the sale proceeds to purchase a new residence, the Florida Property, on April 17, 2015 – three months after filing his bankruptcy. When the Florida Property was purchased, the deed was issued solely to Debtor individually.

7. Thereafter, on June 12, 2015, Debtor executed a deed transferring ownership in the Florida Property to Co-Defendant in exchange for $10 consideration. Debtor maintained a life estate.

Debtor's response to the Motion does not dispute the facts set forth above, but instead states there are no creditors and all of Debtor's creditors have been paid. Debtor also appeared at the hearing and argued that no debt is owed to any creditor in the underlying bankruptcy case. He submitted to the Court an "Order Memorializing the Court's Rulings," entered by the District Court for the Eastern District of Washington on March 24, 2016. This order granted Kriegman's oral motion to voluntarily dismiss without prejudice the pre-petition lawsuit brought against Debtor and denied Debtor's request for sanctions against Kriegman for filing a false proof of claim. The Court cannot determine from this exhibit that Kriegman no longer asserts a claim against Debtor's bankruptcy estate; but rather, the record in this case

5

supports a contrary conclusion.[11] This record includes Kriegman's proof of claim, asserting an unsecured claim in the amount of $376,781.02, with supporting documentation attached. The record also includes an order from this Court that found as a fact that Kriegman presented *prima facie* evidence of the validity and amount of the claim pursuant to Fed. R. Bankr. P. 3001(f) and ample information about the history of the relationship between Kriegman and Debtor and the basis for Kriegman's claim. This order also found that Debtor's objections to Kriegman's claim were deficient in fact and legal theory and failed to provide any supporting facts or law to call into question the validity or amount of Kriegman's claim. Thereafter, the Court denied Debtor's motion to reconsider or vacate the prior order allowing Kriegman's proof of claim.

After Debtor's counsel was allowed to withdraw from the case,[12] Debtor submitted the following, filed without the assistance of counsel:

(1) *Motion to Dismiss Motion for Summary Judgment and Adversary Complaint filed by Plaintiff* – this motion was interpreted by the Court as a motion to dismiss for lack of subject matter jurisdiction and denied by an Order entered on February 23, 2016;[13]

(2) *Motion and explanation to the Court, in order to (a) vacate the current 'default' for failing to object to the proof of claim, on a timely basis, (b) extend the deadline to object* – this motion was addressed by the Court in an order entered in the Debtor's bankruptcy case, which denied any request by Debtor for the Court to reconsider or vacate its prior order allowing Kriegman's proof of claim;[14] and

---

[11] *See* ECF Nos. 173, 175, & 185 (C/A No. 15-00263-hb).
[12] Cilwa's former counsel, Robert H. Cooper, filed a Motion to Withdraw as Counsel for Anthony J. Cilwa in Cilwa's main bankruptcy case, which was granted on March 1, 2016. (ECF No. 184, C/A No. 15-00263-hb).
[13] ECF Nos. 39 & 47.
[14] ECF No. 45; ECF No. 185, entered Mar. 2, 2016 (C/A No. 15-00263-hb). The Court entered an order in this adversary proceeding indicating that the order considering Debtor's motion was entered on the docket for the

(3) a motion to withdraw the reference of this adversary proceeding pursuant to 28 U.S.C. § 157(d), which is pending in the District Court.[15] This motion challenges this Court's authority to enter a final order in this matter. Co-Defendant did not join in that motion and Debtor did not request any stay of this matter pursuant to Fed. R. Bankr. P. 5011(c) pending a determination of the motion by the District Court.

**DISCUSSION AND CONCLUSIONS OF LAW**

**I.     PENDING MOTION FOR WITHDRAWAL OF THE REFERENCE**

Fed. R. Bankr. P. 5011(c) governs whether an adversary proceeding or a bankruptcy case should be stayed pending consideration of a motion requesting the district court withdraw the reference of a matter previously referred to the bankruptcy court. *In re The Antioch Co.*, 435 B.R. 493, 496 (Bankr. S.D. Ohio 2010). The rule provides:

> [t]he filing of a motion for withdrawal of a case or proceeding . . . shall not stay the administration of the case or any proceeding therein before the bankruptcy judge except that the bankruptcy judge may stay, on such terms and conditions as are proper, proceedings pending disposition of the motion. A motion for a stay ordinarily shall be presented first to the bankruptcy judge . . ."

Fed. R. Bankr. P. 5011(c); *see also In re Beach First Nat. Bancshares, Inc.*, Adv. Pro. No. 10-80143-DD, 2011 WL 2441501, at *1 (Bankr. D.S.C. Jan. 21, 2011) ("The filing of a Motion

---

main bankruptcy case and no separate consideration of the motion was due in the adversary proceeding. (ECF No. 53, entered Mar. 4, 2016).

[15] ECF No. 52; *Fort v. Cilwa et al.*, C/A No. 7:16-mc-00117-TMC-JDA. Cilwa also filed a notice of appeal of the *Order Denying Motion filed by Anthony J. Cilwa on February 23, 2016, Ruled by this Court on March 2nd, 2016*. (ECF No. 57, filed Mar. 7, 2016). The order Cilwa seeks to appeal was entered in the main bankruptcy case. (ECF No. 185, C/A No. 15-00263-hb). No stay pending appeal pursuant to Fed. R. Bankr. P. 8007 was requested and that matter is pending in the District Court. *Cilwa v. Fort*, C/A No. 8:16-mc-00074-TMC-JDA. On March 30, 2016, the District Court entered an Order to Show Cause ordering Debtor to file a memorandum by April 19, 2016, showing cause why the Court should not deny his motion to file an appeal. At the March 29, 2016, hearing on Trustee's Motion, Debtor stated that he was no longer pursuing this appeal and as of the date of entry of this Order, no response to the District Court's show cause order has been filed by Debtor.

for Withdrawal of Reference does not ordinarily stay an adversary proceeding." (citing *TJN, Inc. v. Superior Container Corp. (In re TJN, Inc.),* 207 B.R. 499, 500 (Bankr. D.S.C. 1996))); Fed. R. Bankr. P. 5011 Advisory Committee Notes ("Unless the court so orders, proceedings are not stayed when motions are filed for withdrawal . . . from hearing a proceeding . . ."). The party seeking the stay bears the burden of establishing that a stay is proper. *TJN, Inc.*, 207 B.R. at 501. Moreover, "the granting of a stay should be the exception – not the general rule." *The Antioch Co.*, 435 B.R. at 496.

Although Cilwa has not filed a motion to stay this adversary proceeding pending the outcome of his motion for withdrawal of the reference in District Court, the Court may consider *sua sponte* whether to stay this proceeding. *See In re Pittsburgh Corning Corp.*, C/A No. 03-35592 JKF, 2012 WL 2368388, at *3 (W.D. Pa. June 21, 2012) ("A court's power to stay proceedings 'is incidental to the power inherent in every court to control the disposition of causes on its docket with economy of time and effort for itself, for counsel and for litigants' . . . [and] [s]everal courts have recognized that the power to stay may be invoked by the court *sua sponte*." (citations omitted)). When determining whether an adversary proceeding should be stayed, the Court considers the following:

> (1) the likelihood that the pending motion to withdraw will be granted (i.e. likelihood of success on the merits); (2) that the movant will suffer irreparable harm if the stay is denied; (3) that the non-movants will not be substantially harmed by the stay; and (4) the public interest will be served by granting the stay.

*The Antioch Co.*, 435 B.R. at 497; *see also In re City of Detroit, Mich.*, 498 B.R. 776, 780 (Bankr. E.D. Mich. 2013) (analyzing the same factors). Ultimately, the issue of whether to grant a stay is left to the Court's discretion. *City of Detroit*, 498 B.R. at 781 (citing *In re Chrysler LLC,* 2009 WL 7386569, at *1 (Bankr. S.D.N.Y. May 20, 2009)).

8

All parties consented to entry of a final order or judgment in this proceeding,[16] and Debtor's stated grounds for withdrawal are inapplicable to the facts of this case.[17] There is no indication that Debtor will suffer irreparable harm if this matter is not stayed and this Court renders an opinion[18] or that any public interest will be served by granting a stay. Any decision of this Court is subject to review by the District Court in whatever manner that court deems appropriate.

In contrast, there appears to be a risk of substantial harm to Trustee if this proceeding is stayed. Debtor's bankruptcy case has been pending for over one year, during which time Trustee has attempted to recover assets of the estate to distribute to creditors. The premise of this adversary proceeding is to recover unauthorized post-petition transfers Debtor made that depleted assets of the estate. A stay risks further delay in recovery and in Trustee's administration of this case. Pursuant to Fed. R. Bankr. P. 5011(c), no stay will be imposed *sua sponte* by this Court.[19]

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334(a) and (b). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(E).

## II. SUMMARY JUDGMENT STANDARD

Pursuant to Fed. R. Civ. P. 56, made applicable to this adversary proceeding by Fed. R. Bankr. P. 7056, summary judgment is appropriate when the "depositions, documents,

---

[16] *See* ECF No. 27; *see also Sharif*, 135 S. Ct. 1932, 191 L. Ed. 2d 911.
[17] *See* ECF No. 47.
[18] *See The Antioch Co.*, 435 B.R. at 502 ("a decision to stay this litigation cannot be premised on the mere possibility this court might interpret its jurisdiction in too broad a fashion. If Congress intended for the bankruptcy courts to stay proceedings upon the filing of a motion to withdraw the reference or to abstain, it would have so provided.").
[19] Should it be found that this Court lacks the authority to enter this Order as a final judgment, the Court submits these findings as proposed findings of fact and conclusions of law to the District Court for review pursuant to *In re Standing Order Concerning Title 11 Proceedings Referred Under Local Civil Rule 83.IX.01, Referral to Bankruptcy Judges*, Misc. No. 3:13-mc-00471-TLW (D.S.C. Dec. 5, 2013).

9

electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . . show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). "A genuine issue of fact exists when there is sufficient evidence on which a reasonable jury could return a verdict for the non-moving party." *Orgain v. City of Salisbury, Md.*, 305 F. App'x 90, 97 (4th Cir. 2008). The role of the judge in deciding summary judgment is "not himself to weigh the evidence . . . but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Temkin v. Frederick Cnty. Comm'rs*, 945 F.2d 716, 718-19 (4th Cir. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). "[T]he burden then shifts to the non-moving party to come forward with facts sufficient to create a triable issue of fact." *Id.* at 718-19 (citing *Anderson*, 477 U.S. at 247-48). If the nonmoving party fails to provide evidence supporting an essential element of its case, then the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

At the summary judgment stage, the Court must view the facts and "draw all reasonable inferences in favor of the nonmoving party and may not make credibility determinations or weigh the evidence." *Williams v. Staples, Inc.*, 372 F.3d 662, 667 (4th Cir. 2004).

### III. RECOVERY OF POST-PETITION TRANSFERS

Section 549 of the Bankruptcy Code provides, in relevant part, "the trustee may avoid a transfer of property of the estate . . . that occurs after the commencement of the case; and . .

10

. that is not authorized under this title or by the court." 11 U.S.C. § 549(a). This Code provision "provides a remedy to creditors when the debtor himself initiates an unauthorized post-petition transfer of estate property. In those situations, the trustee is authorized to avoid the transfer and recover the property from the transferees for the creditors' benefit." *In re Paige*, 413 B.R. 882, 913-14 (Bankr. D. Utah 2009), *aff'd,* 443 B.R. 878 (D. Utah 2011), *aff'd in part, rev'd in part,* 685 F.3d 1160 (10th Cir. 2012) (footnote omitted); *see also In re Wood Treaters, LLC*, 479 B.R. 122, 128 (Bankr. M.D. Fla. 2012) ("The avoidance provisions permit a trustee to achieve a primary goal of the bankruptcy process to 'pursue as equal a distribution of assets to creditors as possible.'" (quoting *In re Furrs,* 294 B.R. 763, 775 (Bankr. D. N. Mex. 2003)). "To satisfy the elements of § 549(a), the [trustee] must demonstrate that, 1) after the commencement of the bankruptcy case in question, 2) property of the estate, 3) was transferred, and 4) the transfer was not authorized by the Bankruptcy Court or by a provision of the Bankruptcy Code." *In re PSA, Inc.,* 335 B.R. 580, 584-85 (Bankr. D. Del. 2005) (citations omitted).

The undisputed evidence establishes that: Debtor's interest in the Sunset Property was property of the estate pursuant to § 541; Debtor caused the Sunset Property to be sold post-petition without authorization from the Court or the Bankruptcy Code; Debtor used proceeds from the sale of the Sunset Property to purchase the Florida Property in his sole name, individually; Debtor then transferred the Florida Property to Co-Defendant post-petition without authorization from the Court or the Bankruptcy Code. Therefore, there is no genuine dispute that Debtor made unauthorized post-petition transfers of property of the estate that are avoidable by Trustee as a matter of law pursuant to § 549(a).

**IT IS THEREFORE ORDERED THAT:**

1. the Motion for Summary Judgment filed by John K. Fort, Chapter 7 Trustee against Anthony J. Cilwa is hereby **granted**;

2. Anthony J. Cilwa's post-petition transfer of his interest in the real property located at 1229 Sunset Lane, Anderson County, South Carolina 29624 was an unauthorized post-petition transfer as described in 11 U.S.C. § 549 and John K. Fort is entitled to the turnover of the proceeds from the sale of Anthony J. Cilwa's interest in the property located at 1229 Sunset Lane, Anderson County, South Carolina 29624;

3. pursuant to 11 U.S.C. § 549, the transfer of the real property located at 4920 Long Meadow Drive, Leesburg, Florida 24784 from Anthony J. Cilwa to Christopher Cilwa is avoided and John K. Fort is entitled to the turnover of any interest in the real property located at 4920 Long Meadow Drive, Leesburg, Florida 24784 that was transferred to Christopher Cilwa pursuant to 11 U.S.C. §§ 542 and 551; and

4. John K. Fort is entitled to the turnover of any interest Anthony J. Cilwa holds in 4920 Long Meadow Drive, Leesburg, Florida 24784 pursuant to 11 U.S.C. §§ 542 and 551.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**04/15/2016**



                                             _____
                                             US Bankruptcy Judge
                                             District of South Carolina

Entered: 04/15/2016