**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re,<br><br>Anthony J Cilwa,<br><br>Debtor(s).<br><br>John K Fort,<br><br>Plaintiff(s),<br><br>v.<br><br>Anthony J Cilwa<br>Christopher Cilwa,<br><br>Defendant(s). | C/A No. 15-00263-HB<br><br>Adv. Pro. No. 15-80172-HB<br><br>Chapter 7<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANT CHRISTOPHER CILWA** |

**THIS MATTER** came before the Court for hearing on March 29, 2016, on the Motion for Summary Judgment and Memorandum in Support (collectively, the "Motion") filed by Plaintiff John K. Fort, Chapter 7 Trustee ("Trustee").[1]  Pursuant to Fed. R. Civ. P. 56, made applicable to this proceeding by Fed. R. Bankr. P. 7056, and for the reasons set forth herein, the Court finds that the Motion should be granted as to Defendant Christopher Cilwa ("Cilwa").

**FACTS AND PROCEDURAL HISTORY**

On January 18, 2015, co-defendant Anthony J. Cilwa ("Debtor") filed a voluntary petition for Chapter 7 relief and Plaintiff was appointed Trustee.  Creditor Bruce P. Kriegman

---
[1] ECF Nos. 30 & 31.

("Kriegman")[2] is the only creditor to file a claim in Debtor's bankruptcy case. In May 2015, Kriegman filed an unsecured claim in the amount of $376,781.02, arising from a lawsuit concerning Debtor's alleged involvement in a Ponzi Scheme. That lawsuit was pending in the District Court for the Eastern District of Washington at the time Debtor filed for bankruptcy relief. The Court entered an order on December 1, 2015, overruling Debtor's objection to Kriegman's claim and allowing the claim as filed.[3]

Trustee initiated this adversary proceeding for the benefit of creditors on September 14, 2015. He alleges that after the bankruptcy filing and without Court authorization, Debtor sold property of the estate located in South Carolina and used proceeds therefrom to purchase another property in Florida, which Debtor later transferred Cilwa, his adult son. Trustee alleges he is entitled to turnover of the net proceeds of the initial sale of estate property, the transfer of the purchased property is avoidable pursuant to 11 U.S.C. § 549,[4] and he seeks avoidance of the transfer and turnover of property pursuant to §§ 549 and 542(a).

The property purchased post-petition and transferred to Cilwa is located at 4920 Long Meadow Drive, Leesburg, Florida 24784 (the "Florida Property"). The Court previously granted Trustee's demand for a Temporary Restraining Order, restraining Defendants:

> from conveying, transferring, disposing of, selling, spending, withdrawing, liquidating or taking any actions that would in any way deplete, diminish, or reduce the assets of the bankruptcy estate, including but not limited to real estate and improvements known and designated as [the Florida Property], as well as the net proceeds from the sale of real estate and improvements known and designated as 1229 Sunset Lane, Anderson County, South Carolina 29624 (the "Sunset Property") . . .[5]

---

[2] Kriegman is a claimant solely in his capacity as the Liquidating Trustee under the Liquidating Trust established pursuant to Article IV of the Chapter 11 Trustee's and Official Committee of Unsecured Creditors' Second Modified Plan of Liquidation Chapter 11 Bankruptcy of LLS America, LLC.
[3] ECF No. 175 (C/A No. 15-00263-hb).
[4] Further reference to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, shall be by section number only.
[5] ECF No. 9, entered Oct. 1, 2015.

2

After both Defendants separately answered the Complaint, the Court issued an order on November 2, 2015, requiring the parties to review the cases of *Stern v. Marshall*, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011), *Exec. Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2166, 189 L. Ed. 2d 83 (2014), and *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 191 L. Ed. 2d 911 (2015), and report whether those decisions present any challenges to entry of a final order or judgment by the bankruptcy court.[6]  On December 2, 2015, the Court received Cilwa's reply, which stated "I am not a lawyer, and do not understand what all of those Supreme Court cases mean, but I will follow whatever instructions the court orders."[7] After notice, a status conference was held on December 8, 2015, which Cilwa did not attend. On December 10, 2015, the Court entered an order finding that all parties consented to entry of a final order or judgment in this proceeding[8] and due notice of the order was given to the parties.

Trustee filed this Motion on January 15, 2016, and a brief in support was filed on February 1, 2016.  The Court issued a hearing notice on February 5, 2016, and notice was given to Cilwa.  No response was filed by Cilwa and he did not appear at the hearing.  Trustee presented Exhibits A – M in support of the Motion, which establish the undisputed facts as follows:

1. On May 16, 2005, the Sunset Realty Trust was established by Debtor and his wife as grantors, with Debtor listed as the trustee.  The beneficiaries were listed as Debtor and his wife's adult children, Cilwa and Allison Enwright.  The trust was recorded with the Anderson County Register of Deeds on May 26, 2005.

---

[6] ECF No. 16.
[7] ECF No. 23.
[8] ECF No. 27.

3

2. On May 24, 2005, the Sunset Realty Trust purchased the Sunset Property for $430,000.00.

3. On February 2, 2012, an amendment to the beneficiaries of the Sunset Realty Trust was filed with the Anderson County Register of Deeds, which changed the beneficiaries to Debtor and his wife. Thereafter, on March 22, 2012, another amendment to the beneficiaries of the Sunset Realty Trust was filed with the Anderson County Register of Deeds, which changed the beneficiaries back to Cilwa and Allison Enwright. On May 16, 2012, another amendment to the beneficiaries of the Sunset Realty Trust was filed with the Anderson County Register of Deeds, which stated that the beneficiaries were indicated on a separate list maintained by the trustee of the Sunset Realty Trust. At the time of this amendment, Debtor signed as the trustee of the Sunset Realty Trust.

4. On March 21, 2013, Debtor, as trustee of the Sunset Realty Trust, conveyed the Sunset Property to Cilwa, and provided a life estate interest for Debtor and his wife. Thereafter, on August 26, 2013, an amendment to the Sunset Realty Trust was filed amending it to an irrevocable trust.

5. On June 24, 2015, Debtor was examined by Trustee's counsel pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "2004 Exam"). At the 2004 Exam, Debtor admitted that the Sunset Property was sold post-petition in March 2015.

6. Debtor also admitted that he used part of the sale proceeds to purchase a new residence, the Florida Property, on April 17, 2015 – three months after filing his bankruptcy. When the Florida Property was purchased, the deed to the Florida Property was issued solely to Debtor individually.

7. Thereafter, on June 12, 2015, Debtor executed a deed transferring ownership in the Florida Property to Cilwa in exchange for $10 consideration. Debtor maintained a life estate.

### DISCUSSION AND CONCLUSIONS OF LAW

**I. JURISDICTION**

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334(a) and (b). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(E). Cilwa has consented to this Court's jurisdiction and to entry of a final order. *See Sharif*, 135 S. Ct. 1932, 191 L. Ed. 2d 911.

**II. SUMMARY JUDGMENT STANDARD**

Pursuant to Fed. R. Civ. P. 56, made applicable to this adversary proceeding by Fed. R. Bankr. P. 7056, summary judgment is appropriate when the "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . . show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). "A genuine issue of fact exists when there is sufficient evidence on which a reasonable jury could return a verdict for the non-moving party." *Orgain v. City of Salisbury, Md.*, 305 F. App'x 90, 97 (4th Cir. 2008). The role of the judge in deciding summary judgment is "not himself to weigh the evidence . . . but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Temkin v. Frederick Cnty. Comm'rs*, 945 F.2d

716, 718-19 (4th Cir. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). "[T]he burden then shifts to the non-moving party to come forward with facts sufficient to create a triable issue of fact." *Id.* at 718-19 (citing *Anderson*, 477 U.S. at 247-48). If the nonmoving party fails to provide evidence supporting an essential element of its case, then the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

At the summary judgment stage, the Court must view the facts and "draw all reasonable inferences in favor of the nonmoving party and may not make credibility determinations or weigh the evidence." *Williams v. Staples, Inc.*, 372 F.3d 662, 667 (4th Cir. 2004).

### III.  RECOVERY OF POST-PETITION TRANSFERS

Section 549 of the Bankruptcy Code provides, in relevant part, "the trustee may avoid a transfer of property of the estate . . . that occurs after the commencement of the case; and . . . that is not authorized under this title or by the court." 11 U.S.C. § 549(a). This code provision "provides a remedy to creditors when the debtor himself initiates an unauthorized post-petition transfer of estate property. In those situations, the trustee is authorized to avoid the transfer and recover the property from the transferees for the creditors' benefit." *In re Paige*, 413 B.R. 882, 913-14 (Bankr. D. Utah 2009), *aff'd,* 443 B.R. 878 (D. Utah 2011), *aff'd in part, rev'd in part,* 685 F.3d 1160 (10th Cir. 2012) (footnote omitted); *see also In re Wood Treaters, LLC*, 479 B.R. 122, 128 (Bankr. M.D. Fla. 2012) ("The avoidance provisions permit a trustee to achieve a primary goal of the bankruptcy process to 'pursue as equal a distribution of assets to creditors as possible.'" (quoting *In re Furrs,* 294 B.R. 763, 775 (Bankr. D. N. Mex. 2003)). "To satisfy the elements of § 549(a), the [trustee] must demonstrate that, 1) after the commencement of the bankruptcy case in question, 2) property of the estate 3) was transferred,

6

and 4) the transfer was not authorized by the Bankruptcy Court or by a provision of the Bankruptcy Code." *In re PSA, Inc.*, 335 B.R. 580, 584-85 (Bankr. D. Del. 2005) (citations omitted).

The undisputed evidence establishes that: Debtor's interest in the Sunset Property was property of the estate pursuant to § 541; Debtor caused the Sunset Property to be sold post-petition without authorization from the Court or the Bankruptcy Code; Debtor used proceeds from the sale the Sunset Property to purchase the Florida Property in his sole name, individually; Debtor then transferred the Florida Property to Cilwa post-petition without authorization from the Court or the Bankruptcy Code. Therefore, there is no genuine dispute that Debtor made unauthorized post-petition transfers of property of the estate that are avoidable by Trustee as a matter of law pursuant to § 549(a).

**IT IS, THEREFORE, ORDERED THAT:**

1. the Motion for Summary Judgment filed by John K. Fort, Chapter 7 Trustee against Defendant Christopher Cilwa is hereby **granted**;

2. Anthony J. Cilwa's post-petition transfer of his interest in the real property located at 1229 Sunset Lane, Anderson County, South Carolina 29624 was an unauthorized post-petition transfer as described in 11 U.S.C. § 549 and John K. Fort is entitled to the turnover of the proceeds from the sale of Anthony J. Cilwa's interest in the property located at 1229 Sunset Lane, Anderson County, South Carolina 29624;

3. pursuant to 11 U.S.C. § 549, the transfer of the real property located at 4920 Long Meadow Drive, Leesburg, Florida 24784, from the Anthony J. Cilwa to Christopher Cilwa is hereby avoided and John K. Fort is entitled to the turnover of any interest in

the real property located at 4920 Long Meadow Drive, Leesburg, Florida 24784 that was transferred to Christopher Cilwa pursuant to 11 U.S.C. §§ 542 and 551; and

4. John K. Fort is entitled to the turnover of any interest Anthony J. Cilwa holds in 4920 Long Meadow Drive, Leesburg, Florida 24784 pursuant to 11 U.S.C. §§ 542 and 551.

   **AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**04/15/2016**



US Bankruptcy Judge
District of South Carolina

Entered: 04/15/2016